[Sac. No. 3915. In Bank.—January 19, 1928.]

J. M. SULLIVAN, Appellant, v. CECELIA HESS, Respondent.

Donald Wachhorst and Edwin V. McKenzie for Appellant.

Hughes, Bradford, Cross & Prior for Respondent.

WASTE, C. J.—The plaintiff brought an action to quiet title to real property. On the issues raised by the answer and cross-complaint of the defendant, and the answer of the plaintiff thereto, judgment was entered for the defendant, and the plaintiff appeals.

The plaintiff and appellant, John M. Sullivan, is the surviving brother of M. J. Sullivan, who died intestate. The defendant and respondent, Cecelia Hess, claims title under a deed executed by the decedent, which was placed in escrow and not recorded until after the grantor's death. The appellant claims as an heir of the decedent and seeks to avoid the operation of the deed upon the ground that its execution constituted an attempt to make testamentary disposition of the property, and that there was in fact no valid delivery. Contending that there is no evidence to justify it, he challenges the finding, "that said deed was on said December 6, 1923, duly executed, acknowledged and delivered by the said M. J. Sullivan with the intention of making the delivery absolute, vesting title to said property therein described in the said Cecelia Hess, and retaining unto himself only a life estate therein; that said deed was not made by the said M. J. Sullivan as a testamentary disposition of the property described therein."

There is no merit in the appeal. (*Smith* v. *Smith*, 173 Cal. 725 [161 Pac. 495] ; *Stewart* v. *Silva*, 192 Cal. 405 [221 Pac. 191].) The intention of the grantor to pass title and the delivery were satisfactorily proved by the uncontradicted testimony of the grantor's attorney. He prepared the deed at the grantor's request and as directed by him. After the due execution of the instrument the grantor, who was carefully and fully advised in the matter, placed

the deed in a sealed envelope, on which he wrote the following indorsement:

"The within deed was on the 6th day of December, 1923, by me, the undersigned, delivered to J. R. Hughes, to be by him held in escrow until my death. I do hereby surrender all dominion and control over said deed. On the happening of my death, he shall deliver the same to Cecelia Hess.

" (Signed) M. J. SULLIVAN."

On the day after the grantor died the deed was recorded in the office of the county recorder.

The judgment is affirmed.

Curtis, J., Preston, J., Seawell, J., Shenk, J., Richards, J., and Langdon, J., concurred.