In the Matter of Clyde H. BARNEY and
Rita H. Barney, Bankrupts, Kenneth
F. Clarke, Trustee, Appellants,

v.

RIGBY LOAN & INVESTMENT CO., a
corporation, Respondent.

Nos. BK 69-656, BK 69-657.

United States District Court,
D. Idaho.

June 26, 1972.

Kenneth F. Clarke, Blackfoot, Idaho, for trustees-appellants.

Gordon S. Thatcher, of Rigby & Thatcher, Rexburg, Idaho, for respondent.

## MEMORANDUM OF DECISION AND ORDER

ANDERSON, District Judge.

This case is before the court upon a Petition for Review of Findings of Fact, Conclusions of Law and Judgment Denying Trustee's Motion to Set Aside Preference. 11 U.S.C.A. § 67.

The parties have stipulated that this matter may be disposed of upon the briefs of counsel and the record made before the Referee in Bankruptcy and without oral argument.

The basic facts are as follows:

The Bankrupts were involved in farming operations, as tenants, and were indebted to the Respondent in the sum of $13,346.10. Respondent commenced suit in the State District Court with attachment proceedings against the crops of the Bankrupts and because of a default with respect to the obligation. A voluntary petition in bankruptcy was filed herein on August 12, 1969. By a Stipulation of Fact filed July 26, 1971, the following facts are conclusive (83 C.J.S. Stipulations §§ 13, 17), though there has been some effort by the Trustee to quarrel with them and to seek to avoid their full impact:

"4. Ralph L. Albaugh of Albaugh, Bloem, Smith & Pike, Attorneys at Law, Idaho Falls, Idaho, represented the defendants in the State Court Attachment Suit from within a few days after the State Court suit was filed and until it was fully settled and dismissed."

"5. Counsel for plaintiff and defendants in the State Court Attachment Suit agreed that the crops be sold, the checks collected and held in trust, and that the attachment lien would be preserved in the proceeds and settlement made of the attachment suit."

"6. Prior to February 17, 1969, all crops were sold and checks were received and held in trust, pending the obtaining of third party endorsements and then settlement of the suit."

"7. Western Potato Company, a partnership, and Western Potato Company, a corporation, were landlords on the farming operation and also had a claim to the crop proceeds.

"8. On May 22, 1969, a settlement was reached between the landlord, Rigby Loan and Investment Company, and Clyde Barney and Blake Boyce. Under the settlement Rigby Loan and Investment Co. received proceeds of the attached crops totaling $13,346.10, in full settlement of its suit. The landlords received $18,607.25. Then Clyde Barney received $20,337.35. A written mutual release was executed that day, and a full copy thereof may be admitted into evidence without further proof."

"9. After the settlement the Attachment Suit was not pursued to judgment, but in fact was subsequently dismissed as fully settled."

While the checks were in the possession of the Trustee, Mr. Albaugh, prior to the four-month period under Section 60, 11 U.S.C.A. Sec. 96, they were negotiated within four months of the filing of the bankruptcy petitions.

The Referee's Memorandum Decision states:

(1) "All of the facts essential for this decision have been stipulated by the parties in their formal stipulation filed herein on July 26, 1971, and their stipulation incorporating part of Respondent's Trial Brief made at the time of hearing."

(2) "All of the essential elements of a preference under Section 60 would be present if Respondent did not have a perfected security interest in the funds in question at the time of payment. I

conclude, however, that Respondent did in fact have a valid existing security interest at some time four months prior to bankruptcy, and that this interest arose by virtue of Section 28–9–305, Idaho Code."

(3) "The 'instruments' covered by this section were negotiable checks which were held in trust by Mr. Ralph Albaugh, attorney for the bankrupts, under an oral agreement which recognized the interest of Respondent in those checks as well as the interest of various other creditors and bankrupts' landlord."

(4) "Although Mr. Albaugh was the bankrupts' attorney at that time, I believe he was also a bailee-trustee who held possession for Respondent. To the degree that he was such trustee by agreement, he was not subject to the direct control of the bankrupts."

The Trustee's objections to Referee's findings are as follows:

■ (1) That the trust was not authorized by the court. But Sec. 28–9–305, Idaho Code, does not require a trust nor court intervention. It says:

"If such collateral other than good covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest."

Thus, Respondent's perfected security interest is not contingent upon whether the State court recognized the trust or the bailment. Here, the bailee-trustee, Mr. Albaugh, received notification of the secured party's interest well before the four-month period and the Respondent's possession became effective simultaneously therewith. In addition, the Trustee stipulated that "Prior to February 17, 1969, all crops were sold and checks received and held in trust . . ."

(2) That the Trustee had bare possession of the checks but since the checks were not endorsed by the Bankrupt, no legal title passed to Mr. Albaugh.

"A security interest in . . . instruments . . . may be perfected by the secured party's taking possession of the collateral. If such collateral other than goods covered by a negotiable document is held by a bailee, the secured party is deemed to have possession from the time the bailee receives notification of the secured party's interest."

■ It seems that bare possession is enough to satisfy Sec. 28–9–305, Idaho Code. Legal title in the bailee-trustee is not required. In addition, Sec. 28–9–202, Idaho Code, states:

"Each provision of this chapter with regard to rights, obligations and remedies applies whether title to collateral is in the secured party or in the debtor."

■ Possession was full and complete and entirely beyond the control of the debtor-bankrupt and well before the four-month period. While in the possession of Mr. Albaugh, the Bankrupt could not pass the property off as his own nor could he exercise any unilateral control over the disposition of the fund except by concurrence of all of the parties to the trust arrangement. With respect to the trust fund and the trust created, the Bankrupt had no control over Mr. Albaugh.

■ Nomenclature is not important. A valid and effective pledge or security device may be created by simple delivery of a bill or note to a pledge holder without the necessity of endorsement or other writing. 72 C.J.S. Pledges § 20d, p. 26; Domarad v. Fisher & Burke, Inc., 270 Cal.App.2d 543, 76 Cal.Rptr. 529.

The pledge or bailment placed the fund beyond the reach of an attaching or execution creditor or subsequent lien claimant and created a valid trust, bailment or pledge. This is true even though the attachment lien in the State Court may not have been perfected. The proceeds of the crop sales were impressed with a trust by agreement of the parties. First Security Bank of Pocatello v. Zaring Farm & Livestock, 51 Idaho 100, 10 P.2d 303; Hoebel v. Raymond, 46 Idaho 55, 266 P. 433.

(3) Under Sec. 28–9–204, Idaho Code, a security interest cannot attach until there is agreement. However, the section specifically refers to Subsection 3 of Sec. 28–1–201, Idaho Code, which states:

> " 'Agreement' means the bargain of the parties in fact as found in their language or by implication from other circumstances including course of dealing or usage of trade or course of performance as provided in this act (sections 28–1–205 and 28–2–208). Whether an agreement has legal consequences is determined by the provisions of this act, if applicable; otherwise by the law of contracts (section 28–1–103)."

█ With respect to there being an agreement and the creation of a security interest, the actions and conduct of the parties, their testimony before the Referee, and the agreement as expressed in the Stipulation speak much louder than the protests of the Trustee to the contrary. Clearly, a "security interest" can be created or come into existence without using the magic words "security interest". All of the required events did take place. Sec. 28–9–204, Idaho Code.

█ (4) The Trustee argues that there was no value given for the attaching of a security interest in property. The Referee was correct in holding that there was value for the transaction. A person gives "value" for rights if he acquires them as security for a pre-existing claim. Sec. 28–1–201(44), Idaho Code.

█ (5) The Trustee argues that since the bailee in the case was also the attorney for the Bankrupt, that the bailee was under the control of the Bankrupt, and for that reason disqualified from acting. The Trustee points to Section 2 of the official comment of the Uniform Commercial Code which states: "Possession may be by the secured party himself or by an agent on his behalf. It is, of course, clear, however, that the debtor or a person controlled by him cannot qualify as such an agent for the secured party." The basic question here is whether Mr. Albaugh could wear a trustee's hat and an attorney's hat simultaneously. The Referee was satisfied that he could. This conclusion was correct. Mr. Albaugh became the agent for all parties to the trust and was bound in good faith to carry out the terms and conditions of the trust. The fact that Mr. Albaugh was also the attorney for the Bankrupts does not legally preclude the parties from the right to select him as trustee-bailee or as a pledge holder. Henry v. Hutchins, 146 Minn. 381, 178 N.W. 807; Progressive Iron Works Realty Corp. v. Eastern Milling Co., 155 Me. 16, 150 A.2d 760; Conner v. Helvik, 105 Mont. 437, 73 P.2d 541; Smith v. Smith, 173 Cal. 725, 161 P. 495.

The decision of the Referee being amply supported in fact and law, it is ordered that the Memorandum Decision, Findings of Fact, Conclusions of Law and Judgment dated and entered January 19, 1972, are, in all respects, affirmed.