In re **BRUCE FARLEY CORPORATION, et al., Bankrupts.**

**Alvin CLANCY and Elizabeth Clancy, Appellees,**

v.

**Edward L. KANE, Trustee, Appellant.**

Civ. No. 81–532–T.
Bankruptcy No. 74–2571–K.

United States District Court,
S.D. California.

Sept. 22, 1981.

Richard D. Corona, San Diego, Cal., for appellees.

Douglas H. Barker, Gray, Cary, Ames & Frye, San Diego, Cal., for appellant.

### ORDER

TURRENTINE, Chief Judge.

Appellant Edward L. Kane, trustee of Bruce Farley Corporation, et al., (BFC) bankrupts, appeals the order of Bankruptcy Judge Katz dated April 22, 1981 which obligated the trustee to deliver possession of the "Se-Vende Notes" to appellees together

with all sums collected by the trustee under said notes. The trustee was also ordered to pay the costs of the suit.

In the matter below, the respondents sought to compel the trustee in bankruptcy to deliver two instruments in the possession of the estate. Under two separate written agreements, the Bruce Farley Corporation pledged the two notes in question to respondents to secure payment on two loans made by respondents to the BFC. The notes had originally been issued by the Se-Vende Corp. in favor of BFC and were secured by two deeds of trust executed by Se-Vende Corp. as trustor with BFC as beneficiary. Thus, the notes have been known throughout this litigation as the "Se-Vende Notes." The designated trustee under both notes was Seacoast Escrow Corporation which is a wholly owned subsidiary of BFC.

When the two notes were assigned by BFC to the respondents, Seacoast was designated to remain as trustee and it also served as escrow agent for the assignment transaction. As agreed between the parties, BFC delivered to Seacoast all the original documents which were to be given to the respondents in the assignment. Seacoast retained possession of these documents through the close of escrow.

A short time after the close of escrow the respondents perfected their interest in the Se-Vende Notes by obtaining possession. See Cal.Comm.Code § 9305 (West Supp. 1979). Shortly thereafter, respondent Elizabeth Clancy, returned the same documents to Seacoast, the respondent's trustee and fiduciary, to initiate foreclosure proceedings. Sometime after the notes had been redelivered to Seacoast, Seacoast placed the documents in the BFC company safe. The trustee has retained possession of the instruments since the inception of the bankruptcy proceedings.

The primary issue on appeal is whether respondents' security interest was perfected and thus superior to the trustee's lien under § 70(c) of the Bankruptcy Act. The trustee in bankruptcy claims that the Clancys, the respondents, lost their perfected interest by transferring the instruments to Seacoast. He relies primarily upon § 9305 of the Cali-

fornia Commercial Code which provides in pertinent part: "A security interest is perfected by possession from the time possession is taken ... and continues only so long as possession is retained...." In contrast, the Clancys urge that they retained constructive possession through the possession of their agent and fiduciary, Seacoast. See Cal.Comm.Code § 9305, supra, Official Comment # 2. However, Comment # 2, supra, provides that "a debtor or a person controlled by him cannot qualify as such an agent for the secured party." The trustee claims that since Seacoast is a wholly owned subsidiary and therefore controlled by the debtor, BFC, the transfer to Seacoast rendered the interest in the notes an unperfected interest.

The purpose of requiring possession of an instrument by a creditor in order to perfect a security interest is to provide notice to third parties that the debtor's collateral is encumbered. See Cal.Comm.Code, supra, Official Comment # 1. Thus the court in *Heinicke Instruments Co. v. Republic Corp.,* 543 F.2d 700 (9th Cir.1976) stated:

> The debtor's lack of possession coupled with *actual possession by the creditor, the creditor's agent* or the bailee *serves "to provide notice to prospective third party creditors* that the debtor no longer has unfettered use of his collateral." The notice function of U.C.C. § 9–305 would be defeated if the debtor, or a person under the debtor's control, were *left* in the possession of the collateral; therefore perfection will not occur under those circumstances. *Heinicke,* supra, at 702 (citations omitted) (emphasis added).

As this court indicated in its order dated August 6, 1979, it is clear that Seacoast was an agent of the creditors when it acquired possession. The fact that Seacoast was actually an agent does provide third parties with notice that the collateral is encumbered. See *Heinicke,* supra at 702. And under the circumstances of this particular case, unlike the situation in *Heinicke,* the collateral was never *left* in the control of the debtor. Rather, the respondents acquired possession, thus perfecting their interest, and then the collateral was transferred to Seacoast as their agent. Since Sea-

coast was a trustee and fiduciary, third parties had sufficient notice so that the respondents' perfected security interest should not be defeated. (See *Barney v. Rigby Loan and Investment Co.,* 344 F.Supp. 694 (D.Idaho 1972), where the court held that even though the attorney for the bankrupt held the collateral, the security interest was perfected because the attorney was acting as a fiduciary.)

Moreover, the evidence indicates that the Clancys were completely unaware of the subsidiary relationship. The respondents, after perfecting their interest, transferred the instruments to Seacoast in good faith for the express purpose of collecting from the debtor. To allow the action taken by the creditor intended to satisfy the debt be the action that renders the interested unperfected would be inequitable. This court holds, therefore, that whether the interest remained perfected, the trustee in bankruptcy is estopped from contesting the continuing validity of the perfected security interest. Cal.Comm.Code § 1103 (West 1964).

Accordingly, IT IS ORDERED that the decision of Bankruptcy Judge Katz be and hereby is affirmed.