[No. 14651. Department Two. — September 20, 1892.]

JEAN B. DENIS, APPELLANT, v. HELOISE R. C. VELATI, RESPONDENT.

DEED — DELIVERY — DOMINION OF GRANTOR — OPERATIVE EFFECT. — To constitute delivery of a deed, the grantor must divest himself of all power and dominion over it. A deed may be deposited with the grantee, or handed to him, for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed.

ID. — INOPERATIVE DELIVERY — AGREEMENT FOR OPERATION AFTER DEATH OF GRANTOR — CANCELLATION — PLEADING — ISSUE AS TO DELIVERY — LIFE ESTATE. — Although a complaint for the cancellation of a deed alleges that the deed was placed in the hands of the grantee by the grantor with the understanding between them that it should not take effect until after the grantor's death, it does not show an operative delivery of the deed; and if it further alleges that the deed was never delivered, but after its acknowledgment remained in possession of the plaintiff until it was wrongfully taken and recorded by the defendant without the plaintiff's wish and consent, the complaint states a cause of action, and entitles the plaintiff to the trial of an issue raised by the answer as to whether the deed was in fact delivered as an operative conveyance, under an agreement that the plaintiff should have merely a life interest in the occupation of the premises free of rent.

JUDGMENT UPON PLEADINGS — MOTION OF DEFENDANT. — Where the complaint states facts sufficient to constitute a cause of action, a motion by the defendant for judgment upon the pleadings cannot properly be granted.

APPEAL from a judgment of the Superior Court of Alameda County, and from an order denying a new trial.

The facts are stated in the opinion of the court.

*P. C. Trousseau,* and *N. B. Malville,* for Appellant.

*A. Comte, Jr.,* for Respondent.

SHARPSTEIN, J. — The plaintiff, in his complaint, alleges that on the twenty-ninth day of April, 1890, he made a deed of certain real estate, in said complaint described, wherein and whereby he granted, bargained, and sold said real estate to the defendant.

"That said deed was made in view of death, and was intended by plaintiff to take the place of a will, for the

purpose of avoiding and doing away with the necessity of probate proceedings after the death of plaintiff, all of which was explained to the defendant and understood by her.

"That by understanding with defendant, said deed was placed in her hands ostensibly for the purpose of enabling defendant, after the death of plaintiff, to establish the necessary proof as to the validity of said deed; but in fact it was understood by and between plaintiff and defendant that said deed should not take effect until after the death of plaintiff.

"That after the acknowledgment of said deed by plaintiff, the same was retained by him, and remained in his possession until the wrongful taking thereof by defendant, as hereinafter stated. Said deed was never delivered to defendant.

"That it was further understood by and between plaintiff and defendant that plaintiff should retain the possession of said deed until he would die, and that said deed should not be recorded or take effect before the death of plaintiff.

"Plaintiff further alleges herein that said defendant wrongfully, and in violation of said understanding in relation to said deed, afterwards, on or about the twenty-fourth day of June, 1890, unknown to plaintiff and without his consent, and during the time he was sick at the French hospital in San Francisco, obtained possession of said deed from the place plaintiff had it deposited, and had the same filed for record in the county recorder's office of said county of Alameda.

"That said record of said deed was and is against plain-tiff's wish and consent, and has the legal effect of depriving him of the right and legal ownership of his said real estate, upon which he heretofore resided and now resides, and which was and is his home.

"Wherefore, plaintiff prays for the judgment and decree of this court, adjudging and decreeing that the plaintiff was and is still the owner of said land, and the improvements thereon, and that the said deed to defend-

ant was never delivered to her, and was merely intended
to take effect after the death of plaintiff, and that the
record thereof be annulled and declared invalid, and for
such other and further relief in the premises as may be:
just, lawful, and equitable, and for costs of suit."

The complaint was demurred to by defendant, one of
the grounds of the demurrer being that it did not state
facts sufficient to constitute a cause of action. The de-
murrer was overruled. The court, in an opinion filed
at the time, held that the complaint showed that the
deed of plaintiff to defendant was duly delivered, but
that the complaint stated another ground upon which
the plaintiff might be entitled to other relief, and for
that reason the demurrer was overruled, in order that
the proper relief might be granted.

The defendant filed an answer in which she admits
that plaintiff made a deed of the property described in
the complaint, but denies that it was made in view of
death, or was intended to take the place of a will, for the
purpose of avoiding or doing away with the necessity of
probate proceedings after the death of plaintiff, " except
that it was understood between plaintiff and defendant
that, notwithstanding said deed to the defendant, plaintiff
should be permitted to occupy the premises conveyed by
said deed free from rent during the term of his natural
life." She denied that, by understanding with her, said
deed was placed in her hands for the purpose of enabling
her after the death of plaintiff to establish its validity;
" but, on the contrary, avers that said deed was absolutely
and unconditionally delivered to her by plaintiff in the
presence of witnesses immediately upon the execution of
said deed by plaintiff." She denies that she wrongfully,
or in violation of the alleged understanding in relation
to said deed, or any understanding, without plaintiff's
consent, obtained possession of said deed, and avers that
plaintiff authorized her to do what she wished with said
deed. Finally, she avers that she has always been will-
ing and ready to execute any paper document to protect
plaintiff in the use and occupation of said premises dur-

ing the time of his natural life, without rent and free of charge. Wherefore, defendant prays that the prayer of plaintiff be denied, and the action dismissed, and that defendant recover her costs, and for such further and other relief as may be proper in the premises.

Defendant then gave notice of motion for judgment on the pleadings, as follows: 1. A judgment adjudging defendant to be the owner in fee of the premises described in the complaint; 2. That plaintiff have the use, occupation, and enjoyment of said premises during the term of his natural life free from rent; and 3. That defendant execute unto plaintiff a deed conveying to him a life estate in said premises.

The motion was granted, and the court made and entered a judgment in accordance therewith, from which the plaintiff appeals.

The only ground upon which the action of the court could be justified would be that the complaint does not state facts sufficient to constitute a cause of action.

If the plaintiff, in his complaint, sufficiently alleges that he never delivered the deed which he seeks to avoid, the court erred in granting defendant's motion for judgment upon the pleadings. There are allegations in the complaint that said deed was never delivered to defendant. The following paragraph contains such allegation: "That after the acknowledgment of said deed by plaintiff, the same was retained by him, and remained in his possession until the wrongful taking thereof by the defendant, as hereinafter stated. Said deed was never delivered to the defendant."

But the contention of respondent is, that the decision of the court below was based upon another paragraph of the complaint, which immediately precedes the one above quoted. The paragraph relied on to justify the action of the court reads as follows: "That by understanding with the defendant, said deed was placed in her hands ostensibly for the purpose of enabling defendant, after the death of plaintiff, to establish the necessary proof as to the validity of said deed; but in fact it was under-

stood by and between plaintiff and defendant that said deed should not take effect until after the death of the plaintiff."

In *Prutsman* v. *Baker*, 30 Wis. 644, 11 Am. Rep. 592, Dixon, C. J., after reviewing the authorities, says: "To constitute delivery, the grantor must divest himself of all power and dominion over the deed." In *Ford* v. *James*, 2 Abb. App. 159, Grover, J., says: "A deed may be deposited with the grantee, or handed to him, for any purpose other than as the deed of the grantor, or as an effective instrument between the parties, without becoming at all operative as a deed."

The purpose for which the deed in the case at bar was placed in defendant's hands is stated as other than as an effective instrument between the parties. It was not to take effect until after the death of the grantor. He did not intend it should be an operative conveyance so long as he lived, and he alleges that it was understood between him and the grantee that it should not take effect until after the grantor's death.

We think the complaint states facts sufficient to entitle appellant to a trial of the question whether or not he delivered the deed, which he alleges he did not, and the defendant avers that he did, deliver, as an operative conveyance of the premises described in the complaint.

Judgment reversed, and cause remanded to the court below to try the issue raised by the complaint and answer.

DE HAVEN, J., and McFARLAND, J., concurred.

Hearing in Bank denied.