[Sac. No. 2191. Department Two.—December 2, 1915.]

## JOSEPH L. DONAHUE, Appellant, v. ALICE SWEENEY, as Executrix of the Will of Margaret Doscher, Deceased, Respondent.

DEED—DELIVERY—POSSESSION OF INSTRUMENT BY GRANTOR.—The finding of a deed in the possession of the grantor supports a presumption that it never was delivered.

ID.—INTENT OF GRANTOR TO DIVEST HIMSELF OF TITLE.—The rule is fundamental that whatever method of delivery is adopted, there must be a plain showing that the grantor by acts or words, or both, intended to divest himself of title.

ID.—DEED FROM MOTHER TO SON—CONDUCT OF GRANTOR INCONSISTENT WITH DELIVERY—EVIDENCE.—In determining whether a deed from a mother to her son had been delivered, it is proper to consider the facts that, subsequent to the date of the alleged delivery, the grantor, without objection from the grantee, encumbered the property, executed leases to a part of it, paid the taxes, and insured it in her own name.

ID.—DELIVERY A QUESTION OF FACT—FINDING BASED ON CONFLICTING EVIDENCE—APPEAL.—Delivery or nondelivery of a deed is always a fact to be found from the surrounding circumstances of each transaction, and whether or not the grantee's conduct, after the time when, as he asserts, he received the deed, was such as to authorize the inference that it had not been delivered to him is a question to be determined by the trial court upon the evidence adduced at the trial, and the finding upon that subject, based upon conflicting evidence, will not be reviewed on appeal.

ID.—SUBSEQUENT ACTS AND DECLARATIONS OF GRANTOR.—As bearing upon the question of the delivery of a deed which was in the possession of the grantor at the time of her death, her declarations and acts made and done after the signing of the instrument are admissible in evidence.

APPEAL from a judgment of the Superior Court of Sacramento County, and from an order refusing a new trial. Peter J. Shields, Judge.

The facts are stated in the opinion of the court.

C. W. Baker, and R. Platnauer, for Appellant.

Chauncey H. Dunn, and A. R. Tabor, for Respondent.

MELVIN, J.—Plaintiff sued to quiet title to the following described real property situate in the city of Sacramento: "The South fifty (50) feet of the West fifty-seven (57) feet of lot number Ten (10) in the Block bounded by C and D and Twelfth and Thirteenth streets of said City." He claimed under a deed from his mother, Margaret Doscher (defendant's testate), bearing date October 28, 1902. The answer denied plaintiff's interest under any deed or through any other instrument save the will of his mother, whereby he was devised a certain interest in remainder, subject to an estate for years. The answer also pleaded the bar of the statute of limitations (Code Civ. Proc., sec. 318). The court found that plaintiff had no interest in the land except that given to him by the will, and the plea of the bar of the statute was also sustained. From the judgment entered in accordance with said findings and from the order denying his motion for a new trial, plaintiff appeals.

The first attack of appellant is upon the court's conclusion that there had been no delivery of the deed under which he claims. That the deed was prepared at about the time indicated by the date is not questioned. The plaintiff testified that in November, 1902, his mother sent him to Mr. Dunn's office to get some papers. He took the documents to her. They were contained in an unsealed envelope. Mrs. Doscher took the deed from the envelope and said: "Take this paper; examine it; look it over." After reading it Mr. Donahue handed it back to his mother, who thereupon placed the deed again in the envelope, sealed it and passed it to plaintiff, saying: "You take this from my hand, they are your deed to the place we are living in and the girls' deeds to the other place. You take them and place them in the box. So you can say they were delivered. You received them from me." He deposited the package in a tin box. She locked the box and put it away in a drawer of her bureau. She then said: "You will always find the key under my pillow. If anyone gets them before you do, you get the box, break it open, get the deeds, run down and place them on record right away." In response to Mr. Donahue's inquiry why she desired him to put the papers in the box she said: "You can say you were the last one to receive them from me." The mother lived on the property and for some years after he first saw the deed Mr. Donahue lived there also, but after his marriage he moved

to another part of the city. The ground floor of the building which was located upon the land consisted of a grocery store, a warehouse and a saloon. The second floor was occupied as a dwelling. About a year and a half after the first conversation between plaintiff and his mother she said to him: "Joe, if you ever take the deeds and place them on record before I die I will disown you. I want the residue off of the estate as long as I live." He explained that she always spoke of rent as "residue." Afterward, when he had been superintending some repairs which were being made to the roof, he reported to her that the work was satisfactory. She replied: "Well you are doing it for yourself, not for me." Plaintiff testified that he furnished the money to pay for these repairs. He also paid for some woodwork which was done in connection with the saloon. Plaintiff also testified that upon one occasion his mother had said that she could change the girls' deeds any time but that she could not change his, because she had already given the property to him. Mr. Donahue also stated that he never had possession of the box in which the deed was kept. There was other evidence, but we have sufficiently indicated the general tenor of Mr. Donahue's testimony on the matter of delivery.

The evidence was sufficient to justify the court's deductions and to support the finding of nondelivery. The deed was found in the possession of the grantor. This fact supports a presumption that it was never delivered. (13 Cyc. 733; Devlin on Deeds, sec. 263a.) It is a fundamental rule that whatever method of delivery is adopted, there must be a plain showing that the grantor by acts or words, or both, intended to divest himself (or herself) of title. (*Walls* v. *Ritter*, 180 Ill. 619, [54 N. E. 565]; *Denis* v. *Velati*, 96 Cal. 227, [31 Pac. 1]; *Black* v. *Sharkey*, 104 Cal. 281, [37 Pac. 939]; *Bury* v. *Young*, 98 Cal. 451, 35 Am. St. Rep. 186, 33 Pac. 338]; *Elliott* v. *Merchants' Bank etc. Co.*, 21 Cal. App. 540, [132 Pac. 280]; *Kenney* v. *Parks*, 137 Cal. 531, [70 Pac. 556].) Opposed to the testimony of the plaintiff regarding the manual tradition of the paper are certain circumstances which indicate that his mother did not intend to divest herself of title. Her very injunction that, if anything happened to her, he should make haste to put the deed of record is one of these circumstances, and another is found in her remark that she would disown him if he ever should record the deed

during her lifetime. There was evidence that subsequent to November, 1902, the date of the alleged delivery of the deed, Mrs. Doscher encumbered the property once by a mortgage and again by a deed of trust; that she executed leases to a part of the premises; that she paid the taxes; and that the insurance was in her name. All of these facts and circumstances were properly considered by the court as tending to rebut the testimony of plaintiff regarding the alleged delivery of the deed to him. It was not shown that plaintiff ever in any way objected to his mother's complete dominion over the property and the treatment of it by her as her own. Whether or not his conduct, after the time when, as he asserts, he received the deed was such as to authorize the inference that it had not been delivered to him, was a question to be determined by the superior court upon the evidence adduced at the trial, and the finding upon that subject will not be reviewed here. (*Poulson* v. *Stanley,* 122 Cal. 655, 658, [68 Am. St. Rep. 73, 55 Pac. 605].) Delivery or nondelivery is always a question of fact to be found from the surrounding circumstances of each transaction. (*Follmer* v. *Rohrer,* 158 Cal. 758, [112 Pac. 544].) It is evident, therefore, that the court's finding that no delivery of the deed had taken place was based upon an analysis of conflicting testimony which we may not question.

Appellant insists that the court erred in admitting evidence regarding certain conversations, held subsequently to November, 1902, in which Mrs. Doscher was represented as saying that she would not give her property to her children during her life. The recent case of *Williams* v. *Kidd,* 170 Cal. 631, [151 Pac. 1, 7], disposes of this objection. The court was there considering the contention of appellant that upon the issue of delivery or nondelivery the respondents had been allowed erroneously to introduce evidence of conversations between Williams, the alleged grantor, and one Becker, a prospective purchaser of the property, held after the time when, according to Kidd's assertion, the instrument had been delivered. In these conversations Williams had asserted that he owned the property. It was held that while acts and declarations of a grantor made after he has parted with his title and in disparagement of it are inadmissible unless made in the presence of the grantee, nevertheless, when the very question is whether or not the alleged grantor has divested him-

○

self of title, his declarations and acts made and done after the signing of an instrument, in form a deed to the property in dispute, are properly admissible as bearing upon the question of delivery. In the case at bar the same question was involved, and upon the same principle it was perfectly proper to admit evidence of Mrs. Doscher's declarations regarding her ownership of the very property to which the plaintiff asserts title under the deed which was in the possession of the grantor at the time of her death.

Appellant asserts that several errors were committed by the court in the trial of the question of defendant's adverse possession, but we will forego discussion of these matters because the finding, supported as it is by competent evidence, that there never was a delivery of the deed by Mrs. Doscher to her son Joseph L. Donahue, is conclusive of the whole matter. That she owned and possessed the land in controversy up to October 28, 1902, is alleged by plaintiff and admitted by defendant. If the deed to the property was never delivered, the title remained in her until her death. The findings, conclusion, and judgment on this branch of the case relieve us of the necessity of making further examination of the second ground of defense, which was based upon defendant's claim of title by adverse possession.

The judgment and order are affirmed.

Lorigan, J., and Henshaw, J., concurred.