[Sac. No. 2247. Department Two.—March 9, 1916.]

MAUD TWEEDALE and EDWARD TWEEDALE, Appellants, v. S. R. BARNETT, as Executor of the Last Will of ELIZABETH ROBINSON, Deceased, Respondent.

QUIETING TITLE—DELIVERY OF DEED—INSUFFICIENCY OF EVIDENCE— ORDER GRANTING NEW TRIAL.—In this action, in which the plaintiffs asserted title under a deed claimed to have been delivered to a third person under instructions from the grantor that it should be handed them after the grantor's death, the trial court was justified, under the evidence, in granting the defendant's motion for a new trial, for the reason that there was not a preponderance of evidence nor sufficiently clear proof of absolute and unconditional delivery of the instrument as a deed to justify the finding creating a trust title in realty vesting wholly in parole.

ID.—DISCRETION OF TRIAL COURT—APPEAL.—The discretion of the trial court in granting a motion for a new trial is very broad, and the order will be upheld on appeal if it may be supported upon any of the assigned grounds.

ID.—CONFLICT OF EVIDENCE.—The appellate court may not disturb such an order where there was at the trial a conflict of evidence upon material issues, unless it can say that a verdict in favor of the moving party would not have found sufficient legal support in such evidence.

ID.—CIRCUMSTANCES SHOWING NONDELIVERY—REPOSSESSION OF DEED BY GRANTOR—DEALING WITH PROPERTY AS OWNER.—Proof that the grantor, after handing the deed to the depositary, demanded it

back and it was returned to her, and that it was not subsequently given to the grantees nor to anyone for them, raises a presumption of nondelivery, which the court was bound to consider in passing upon the motion, in connection with all the facts and circumstances surrounding the alleged delivery. The fact that after the alleged delivery the grantor dealt with the property as her own was also a circumstance to be considered.

APPEAL from an order of the Superior Court of Solano County granting a new trial. A. J. Buckles, Judge.

The facts are stated in the opinion of the court.

W. U. Goodman, and Kenneth I. Jones, for Appellants.

Frank R. Devlin, for Respondent.

MELVIN, J.—Plaintiffs sued to quiet title to certain real property in Solano County known as the "Robinson Ranch" and containing 315 acres. According to their pleading they claimed title by reason of a deed executed by Elizabeth Robinson on January 22, 1908, and delivered to Peter Danuser on that date, with instructions to him to transmit the said deed to the plaintiffs after the grantor's death. It was alleged in their complaint that Danuser failed to deliver the deed to plaintiffs after Mrs. Robinson's death, and that the document had ceased to exist. On trial before a jury the plaintiffs were successful, but the court granted defendant's motion for a new trial, and plaintiffs prosecute this appeal from its order so doing.

The testimony of one of the attorneys in this action, Mr. W. U. Goodman, was in effect that he had been summoned by Mr. Danuser on January 22, 1908, to the home of Mrs. Elizabeth Robinson, an aged woman. Mrs. Robinson told him, in Mr. Danuser's presence, that she wished to make a deed of the Robinson ranch to her niece and nephew (plaintiffs herein). She said it was her desire that they should "get the property without the necessity or expense of probate." Mr. Goodman went to his office, drew a bargain and sale deed, naming ten dollars as the consideration, and returned with Mr. Danuser to Mrs. Robinson's home, where she executed the deed and acknowledged her signature before Mr. Goodman as a notary public. He attached his seal and his signa-

ture as a notary. During his visit in the morning Mr. Goodman had told her, referring to the deed, "that in making this delivery it went beyond her power to recall it or withdraw it." She said that was just what she wanted. Mr. Goodman described the alleged delivery which occurred immediately after the acknowledgment of the instrument and the attaching of his signature and seal as follows: "Then she turned and gave this to Mr. Danuser and her directions were to Mr. Danuser as follows: That he was to take that deed and keep it for Edward Tweedale and Maude Tweedale until her death, that is, speaking of herself, Elizabeth Robinson, then for him to record it and turn it over to Maude Tweedale and Edward Tweedale. She turned it over. I don't remember the exact words, but that is the gist of it, and Mr. Danuser took that deed with these instructions at that time." Upon cross-examination it appeared that subsequently Mrs. Robinson, without Mr. Goodman's knowledge, entered into an optional contract for the sale of this very property. Mr. Goodman was employed to see that a proper abstract was obtained for submission to Messrs. A. J. Rich & Co., the assignees of this contract bound under it to purchase the land. He forwarded the abstract to Messrs. Rich & Co. in April, 1913. It contained no mention of the deed to the Tweedales, and he said nothing to Mrs. Robinson with reference to their rights which were, he thought, in conflict with her asserted power to transfer title to the Messrs. Rich & Co. Mrs. Robinson died before this contemplated sale was consummated.

Mr. Danuser, in describing the receipt of the deed by him, said:

"She said I was to keep this until she died and after that I was to record it, put it on record, and deliver it to Maude and Edward Tweedale." He kept it for two months and then she asked him to return it. He did so. Upon cross-examination he said he was not sure whether or not Mrs. Robinson ever passed the deed to him—that he may have received it from the hand of Mr. Goodman after its execution. At the close of the cross-examination of this witness the following occurred:

"Q. Mr. Goodman didn't say anything—you have testified about everything that you remember Mrs. Robinson said. Mr. Goodman didn't say anything to her at that time that

she could never have this deed back, or anything of that kind?

"A. There was nothing said about that.

"Q. Nothing at all said that she could never have it back or could not recall it or anything of that kind?

"A. (No answer)."

Mr. Daniel T. Ambrose, who had known Mrs. Robinson for many years, testified that shortly after the date of the deed, and before Miss Maud Tweedale had gone to the home of her aunt, where she was summoned by telegraphic invitation, Mrs. Robinson told him that she had made a deed granting the ranch to Miss and Mr. Tweedale, and that they were going to live with her and look after her the rest of her life. Mr. Ambrose understood that the consideration for the deed was to be the residing of the Tweedales with their aunt and their services to her.

Miss Maud Tweedale, one of the plaintiffs, testified that after her arrival in California in February, 1908, her aunt told her that the "Elmira ranch" was deeded to witness and her brother and the deed was ready to place on record at Mrs. Robinson's death.

The deed was not found among Mrs. Robinson's effects after her death.

The sole consideration presented to this court is whether or not the superior court was justified, under the evidence, in granting the motion for a new trial. We think that court was so justified for the reason which manifestly prompted the making of its order, namely that there was not a preponderance of evidence, nor sufficient clear proof of absolute and unconditional delivery as a deed of the instrument described in the pleadings to justify a finding creating a trust title in realty vesting wholly in parole. Of course, we are not bound by the assigned reasons of the trial court, but this particular reason seems to be a good one.

It is a rule so well understood that discussion of it seems almost superfluous that the discretion of the court granting such a motion is very broad, and the order will be upheld by the court to which an appeal is taken if it may be supported upon any of the assigned grounds. (*Morgan* v. *Robinson*, 157 Cal. 348–351, [107 Pac. 695] ; *Wurzburger* v. *Nellis*, 165 Cal. 48–50, [130 Pac. 1052] ; *Cahill* v. *E. B. & A. L. Stone Co.*, 167 Cal. 126–129, [138 Pac. 712]. We may not disturb

such an order where there was at the trial a conflict of evidence upon material issues unless we can say that a verdict in favor of the moving party would not have found sufficient legal support in such evidence. (*Empire Investment Co.* v. *Mort,* 169 Cal. 732, [147 Pac. 960].)

In the case at bar there was a conflict of evidence upon the issue of the delivery of the deed with intent to pass title. In the first place, plaintiffs themselves traced possession of the deed into the hands of the grantor. While it was not found among her papers, nevertheless the proof furnished by plaintiffs that she had it, and that it was not subsequently given to them nor to anyone for them, gives rise to the presumption of nondelivery. (13 Cyc. 733; Devlin on Deeds, sec. 263a; *Donahue* v. *Sweeney,* 171 Cal. 388, [153 Pac. 708].)

The court in passing upon the motion was bound to consider this presumption and all the facts and circumstances surrounding the alleged delivery of the deed. Mr. Goodman's testimony would fully support the doctrine that Mrs. Robinson was instructed with reference to the law, and that she used words sufficient to sustain a finding that the tradition of the instrument to Mr. Danuser was a "delivery" in contemplation of law. Mr. Danuser's testimony was in support of the contention of delivery. The statements of the two witnesses present when the alleged deed was prepared and signed is further buttressed by the accounts given by Mr. Ambrose and Miss Tweedale of their conversations with Mrs. Robinson regarding the deed, but the court doubtless took into consideration the fact that this court has characterized as the weakest sort of evidence that which purports to reproduce declarations of a person since deceased. (*Mattingly* v. *Pennie,* 105 Cal. 514–523, [45 Am. St. Rep. 87, 39 Pac. 200]; *Austin* v. *Wilcoxson,* 149 Cal. 24–29, [84 Pac. 417].)

Opposed to this evidence was the very important fact proved by one of the witnesses for the plaintiffs that the alleged grantor, Mrs. Elizabeth Robinson, had demanded the return of the deed and that he had yielded its custody. There was the further circumstance that Mrs. Robinson herself had dealt with the property as if it were her own (*Williams* v. *Kidd,* 170 Cal. 631, [151 Pac. 1], thus negativing the theory that she ever intended to pass title to her kinsfolk. The grantor had never seen her niece or her nephew at the

date given as that of the deed, and the court doubtless remembered that fact—indeed the order granting a new trial recites it. The witness who had prepared the deed made no effort to notify either party to the contract of sale that in his opinion the vendor could not pass title. He explained his omission so to do, upon the ground that the contract had been made without his knowledge. Believing a lawsuit was inevitable, he had not disturbed the aged lady, Mrs. Robinson, by offering unsolicited advice. While we do not for a moment criticise him for his conduct in that regard, because his position was perhaps rather a delicate one, we must say that the judge of the trial court, who had heard all of the witnesses, was bound to consider the silence of this one at a time when he might well have spoken if he was not justified by the age and feebleness of Mrs. Robinson in making no effort to enlighten her regarding her obligations. In other words, the propriety of his conduct in the premises was a question for the trial court. The superior court was also bound to consider, and to give to it such weight as was proper in the estimation of the judge thereof, the statement of Mr. Danuser that he remembered no advice by Mr. Goodman to Mrs. Robinson to the effect that when once delivered the deed might not lawfully be recalled. From this discussion it is apparent, we believe, that there was a conflict of testimony upon the material question of delivery and that the court's action in granting the motion may be supported upon well-established principles declared in such cases as *Williams* v. *Kidd,* 170 Cal. 631, [151 Pac. 1], and the authorities cited in the opinion therein. There was evidence sufficient to have supported a finding that the manual tradition of the paper was without intent to pass title when we measure the alleged delivery by such authorities as *Black* v. *Sharkey,* 104 Cal. 279–281, [37 Pac. 939]; *Denis* v. *Velati,* 96 Cal. 223, [31 Pac. 1]; *Harris* v. *Harris,* 59 Cal. 620–622; *Follmer* v. *Rohrer,* 158 Cal. 755–758, [112 Pac. 544]; *Donahue* v. *Sweeney,* 171 Cal. 388, [153 Pac. 708]. Therefore the granting of the motion in view of the material conflict of evidence may not be disturbed.

The order is affirmed.

Henshaw, J., and Lorigan, J., concurred.