[Civ. No. 8299. First Appellate District, Division One.—April 16, 1932.]

ALLEN D. MANWELL, Administrator, etc., Respondent, v. THE BOARD OF HOME MISSIONS AND CHURCH EXTENSION OF THE METHODIST EPISCOPAL CHURCH (a Corporation) et al., Appellants.

Dryer, Castle, McConlogue & Richards and Frank G. Tyrrell for Appellants.

Raymond G. Thompson for Respondent.

THE COURT.—An appeal taken by defendants from a judgment declaring certain deeds signed and acknowledged by Mrs. Clementine H. Manwell in her lifetime to be null and void, and that the administrator of her estate is entitled to the possession of the real property described therein.

Mrs. Manwell on January 23, 1923, signed and acknowledged two deeds describing the property involved in this action, upon which she resided, and delivered the same into the possession of C. V. Sturdevant. One of the deeds in terms gave a life estate in the property to defendant Elizabeth Y. Felts, and the other the remainder to defendant The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation. With the deeds she signed and delivered to Sturdevant the following letter:

"Pasadena, Calif., Jany. 23, 1923.
"Sturdevant-Swink Co.,
"744 E. Colorado street,
"Pasadena, Cal.
"I hand you herewith deed from myself to Elizabeth Y. Felts, my niece, conveying a life estate to my property at #245 South Euclid avenue, Pasadena; also a deed in favor of the Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation, of 1701 Arch street, Philadelphia, Pa., covering my said property and subject to the above mentioned deed of life estate. You are hereby instructed to file said deeds for record with the county recorder of Los Angeles county promptly upon my death.

"Yours truly,
"CLEMEN H. MANWELL."

In March, 1923, on account of her age and increasing debility and at her own request a proceeding for the appointment of a guardian for Mrs. Manwell was instituted, and a guardian of her estate was duly appointed.

On March 3, 1923, she executed a will, which refers to the same property and contains the following devise: "To my nephew Wilbur Mowry and his wife, Alice, of Warsaw, Indiana, I give one half of my home, with one half of its furnishings, at 245 South Euclid avenue, Pasadena, California; to Mr. Manwell's nephew, Allen D. Manwell, and his wife Ella, or their son Lural A. Manwell, of Pasadena, California, I give the remaining one-half of my home at 245 South Euclid avenue, Pasadena, California, with the other half of the furnishings."

The following bequest was made to defendant Felts: "I give to my niece, Lizzie Y. Felts, the interest on my annuity

for $7,000.00 in the University of Southern California for her life. This with what she already has is more than her share.''

The will made no provision for defendant corporation, and after providing for a bequest to a sister of the testatrix the residue of the estate was bequeathed to the Parent Home Missionary Society of the Methodist Episcopal Church of Philadelphia, Pennsylvania.

Mrs. Manwell died on October 30, 1927, and the above will was admitted to probate, the plaintiff being the duly qualified administrator of her estate with the will annexed.

Following Mrs. Manwell's death Sturdevant caused the deeds to be recorded and delivered to the respective grantees.

The court found:

''That on or about the 23rd day of January, 1923, said Clementine H. Manwell executed and acknowledged a grant deed to said real property purporting to convey a life estate therein to defendant Elizabeth Y. Felts on certain terms and conditions therein recited, to wit, 'for and during the natural life of the grantee herein. It is the intention of the grantor herein to convey to the grantee herein a life estate only in and to the above described property. It is a part of the consideration in this conveyance that said grantee shall cause the necessary painting and repairing to be done once in three years, to keep said demised premises in good repair and pay all taxes and assessments against said property before same shall become delinquent during the existence of this life estate. To have and to hold said grantee during her natural life,' a copy of which deed setting forth said terms and conditions is annexed to the complaint on file herein, marked 'Exhibit A,' and made a part thereof; that on the same day, to wit, January 23rd, 1923, said Clementine H. Manwell executed and acknowledged a second grant deed to said real property, purporting to convey the fee title therein to defendant The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation, with and subject to a life estate therein to defendant Elizabeth Y. Felts, a copy of which deed is annexed to the complaint on file herein, marked 'Exhibit B' and made a part thereof.

''That said C. V. Sturdevant was then, and for a long

period of time prior thereto had been, the confidential business adviser of said Clementine H. Manwell, and that he prepared said deeds and a letter of instructions to himself, reciting that said deeds should be recorded upon the death of said Clementine H. Manwell, and advised and counseled said Clementine H. Manwell to sign and execute said deeds and said letter of instructions, and she did thereupon sign and execute the same pursuant thereto. That said C. V. Sturdevant did not explain to said Clementine H. Manwell or advise her at said time of the legal effect of said instruments or their delivery, or tell her that the same could not be revoked. That after said deeds were signed and executed by said Clementine H. Manwell and on or about the 23rd day of January, 1923, said Clementine H. Manwell handed said deeds to said C. V. Sturdevant. That said C. V. Sturdevant took said deeds and kept them in his possession until the death of said Clementine H. Manwell, and thereafter, to wit, on the 1st day of November, 1927, said C. V. Sturdevant caused the said deed to said defendant The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation, to be recorded in book 6771, at page 390 of Official Records of said county of Los Angeles, and said deed to Elizabeth Y. Felts to be recorded in book 7917 at page 284 of Official Records of said county of Los Angeles. That the recording of said deeds was contrary to and in violation of the wishes, instructions and intention of said Clementine H. Manwell, and that the same were recorded by said C. V. Sturdevant without any right or authority.

"That on January 23rd, 1923, at the time said deeds were signed and acknowledged by said Clementine H. Manwell and handed to said C. V. Sturdevant, as hereinbefore mentioned, said Clementine H. Manwell was a widow of advanced years, to wit, at the age of eighty-nine (89) years, and inexperienced and unfamiliar with the transaction of business. That she at that time believed that in so giving said deeds into the possession of said Sturdevant that the same operated and had the legal effect of a will, and that she could at any time during her life time recall said deeds and destroy the same. That said Clementine H. Manwell by the execution and handing of said deeds to said C. V.

Sturdevant intended and believed that thereby she was making and effecting a testamentary disposition of her property. That defendant Elizabeth Y. Felts and said C. V. Sturdevant, as agent and escrow holder for said grantees named in said deeds, were fully aware of such belief and understanding on the part of said Clementine H. Manwell at the time of the execution and receipt by said C. V. Sturdevant of said deeds, but did not rectify the same or inform her of her mistake, and but for such belief and understanding on the part of Clementine H. Manwell she would not have executed or acknowledged said deeds or either of them, or handed the same or either of them to C. V. Sturdevant. That thereafter, to wit, on or about March 31st, 1923, said Clementine H. Manwell duly executed a will disposing of and devising said real property described in said deeds to persons other than said defendant The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation, and Elizabeth Y. Felts, to wit, one half thereof to Wilbur Mowry, nephew of said Clementine H. Manwell, and Alice Mowry, his wife, and the remaining half interest to Allen D. Manwell, nephew of said deceased husband of said Clementine H. Manwell, and Ella Manwell, his wife, which said will has been duly admitted to probate, as herein set forth.

"That it was not the intention of said Clementine H. Manwell when she handed said deed to said C. V. Sturdevant, or at any other time, to divest herself of the present title to said described premises, nor was it then nor at any other time her intention to vest a present title to said premises in the grantees, or either of said grantees, named in said deeds.

"That said deeds were never delivered to said grantees or to either of them or to anyone for or on behalf of either of them, and said Clementine H. Manwell did not thereby part with her title in fee simple or otherwise to said described real property.

"That there was no consideration passing from defendants or either of them to said Clementine H. Manwell for said deeds."

And concluded therefrom:

"That there was not a valid delivery of either of said deeds dated January 23, 1923, executed by said Clementine

H. Manwell, granting respectively a life estate to Elizabeth Y. Felts and a fee title to The Board of Home Missions and Church Extension of the Methodist Episcopal Church, a corporation, subject to said life estate, and that neither of said deeds conveyed any title to the grantee therein, and that each of said deeds is null and void and of no force or effect.''

Upon the foregoing a decree was entered canceling both deeds and adjudging the property to be a part of decedent's estate.

Defendants, who have appealed, contend that the findings are unsupported, and that the undisputed facts show a valid delivery of the deeds.

According to Sturdevant's testimony he had been engaged in the real estate business in Pasadena for about twenty-seven years, and had been acquainted with Mrs. Manwell for nearly twenty years. During that period she frequently consulted him regarding her business matters. In 1918 the witness prepared and she executed a deed to the same property to Mattie M. Sturdevant, a sister of the witness. Following this the last-named grantee reconveyed the property to Mrs. Manwell and defendant Elizabeth Y. Felts in joint tenancy, and both deeds were recorded on April 2, 1918. At the same time defendant Felts signed and acknowledged a quitclaim deed to the property, in which Mrs. Manwell was named the grantee. According to the witness the purpose of the transaction was to vest the record title to the property in defendant Felts as a joint tenant and at the same time to permit Mrs. Manwell to terminate the same if she desired. It appears that the quitclaim deed was left with the witness, and on May 9, 1921, recorded by him at Mrs. Manwell's request. He testified that he then explained to her the legal effect of the deposit in escrow of a deed to be delivered upon the grantor's death, where control over the instrument is parted with, and that to avoid this result the matter was handled in the manner stated; that before the deeds involved in this action were executed Mrs. Manwell stated to the witness in substance that she wished defendant Felts to have the property as long as the latter lived, and that the same should then go to the Missionary Society, and asked if it could be arranged in that way; that he explained to her that she could convey a life

estate to Mrs. Felts, and the fee to the Missionary Society subject to the life estate, and deposit the deeds with a third person; that she approved, and the deeds with the letter were prepared by the witness and submitted to her. A mistake was made by the scrivener in the name of the Missionary Society intended, but the error was discovered by Mrs. Manwell and corrected; that thereupon she executed both deeds, signed the accompanying letter and delivered the same to the witness. This witness when first examined was not certain whether on the last occasion he again explained to Mrs. Manwell that under the proposed arrangement a delivery of the deed to himself or another in escrow could not be revoked. On the following day, however, he testified that he then recalled that the same explanation was made to her before the execution of the deeds in question. He also testified that he had previously said, in reply to a question as to whether he was interested in the litigation, "that he had a professional pride in making his advice stick", or words to that effect. Other witnesses testified to statements by Mrs. Manwell before and after the execution of the will that she wished her property to go to the nephews named as beneficiaries in the will, and that she "had not been treated right" by Mrs. Felts, who had already received more than her share, and that she was "through with her". According to one of these witnesses, with whom Mrs. Manwell was discussing the terms of her proposed will, she replied, in response to a question whether she had not already disposed of her home property, "No, it's the last one that counts"; and it was further testified that Mrs. Manwell claimed that Sturdevant had promised to return certain papers, but refused to do so. Whether the papers referred to were those involved in the present case does not appear. Other than this there was no testimony that she at any time requested the return of the deeds. Statements by Mrs. Manwell that Sturdevant was not her friend to a friend of Mrs. Felts were testified to, and also that Sturdevant had stated, referring to the property, that Mrs. Manwell "has that fixed just as she wants it, and Lizzie (meaning Mrs. Felts) will not get it".

The rule is well settled that if a deed, fully executed and so drawn as to convey a present title, is deposited by

the grantor with a third person, with directions to deliver it to the grantee after the death of the grantor, and the grantor in making such deposit reserves no power to recall or modify the same or thereafter to control in any way the disposition of the deed, the deed is not an attempted testamentary disposition, but is effective as a conveyance of title, qualified only by a life tenancy in the grantor, and the depositary becomes the trustee of the grantee (*Bury* v. *Young*, 98 Cal. 446 [35 Am. St. Rep. 186, 33 Pac. 338]; *Williams* v. *Kidd*, 170 Cal. 631 [Ann. Cas. 1916E, 703, 15 Pac. 1]). ▮ But if the grantor intends to retain control of the deed or of his rights of property, including the right of disposition and control until his death, with the intention that the depositary shall deliver the deed to the grantee upon the death of the grantor only in the event the grantor shall not have recalled it or made other disposition of the property, delivery is lacking (*Northern California Conference Assn. etc.* v. *Smith*, 209 Cal. 26 [285 Pac. 314, 317]); and whether a deed which has been placed in the hands of a third person has passed beyond the control of the grantor is to be determined by the latter's intention (*Bury* v. *Young, supra; Williams* v. *Kidd, supra*). This has been held to be a question of fact (*Bury* v. *Young, supra; Williams* v. *Kidd, supra; Estate of Cornelius*, 151 Cal. 550 [91 Pac. 329]; *Hotaling* v. *Hotaling*, 193 Cal. 368 [56 A. L. R. 734, 224 Pac. 455]; *Kimbro* v. *Kimbro*, 199 Cal. 344 [249 Pac. 180]), unless the instructions are entirely in writing. When such is the case it has been held that the question is one of law (*Moore* v. *Trott*, 156 Cal. 353 [134 Am. St. Rep. 131, 104 Pac. 578]). ▮ But where the written instruments do not purport to be all the directions given, or the same are equivocal, evidence of the circumstances attending the preparation of the deed and the acts and statements of the alleged grantor material to the question of delivery during the entire period of escrow is admissible (*Williams* v. *Kidd, supra; Donahue* v. *Sweeney*, 171 Cal. 388 [153 Pac. 708]; *Tweedale* v. *Barnett*, 172 Cal. 271 [156 Pac. 483]; *Smith* v. *Smith*, 173 Cal. 725 [161 Pac. 495]; *Fisher* v. *Oliver*, 174 Cal. 781 [164 Pac. 800]; *Rees* v. *Rees*, 191 Cal. 399 [216 Pac. 1006]).

In the present case the only direction in the letter as to the disposition to be made of the deeds was the following: "You are hereby instructed to file said deeds for record with the county recorder of Los Angeles county promptly upon my death." In *Northern California Conference Assn. etc.* v. *Smith, supra,* the written direction was "Give the within deed to the grantees on my death"; and it was held in effect that this was not conclusive upon the question of intention. So in *Rice* v. *Carey,* 170 Cal. 748 [151 Pac. 135, 137]—where is was held that there was no delivery—a depositary was directed to "take these deeds, put them away with your papers and at my death have them recorded". In each of the above cases the subsequent conduct of the grantor showed sufficiently that the transaction was an attempted testamentary disposition of the property described in the deeds, and the conclusions of the court to that effect were sustained.

It is clear that the language of the letter was not necessarily inconsistent with the intention that the deed should not be immediately effective. In determining the question the fact that the grantor subsequently deals with the property in a manner inconsistent with the theory of an effective delivery is a relevant circumstance (*Williams* v. *Kidd, supra*); and the understanding of the depositary as to the effect of the previous transaction is important only as bearing upon the value of his testimony at the time of the alleged delivery (*Wilcox* v. *Hardisty,* 60 Cal. App. 206 [212 Pac. 633]). Whatever the understanding of the witness Sturdevant as to Mrs. Manwell's intention in the transaction her subsequent statement referring thereto in connection with the proposed will that "it's the last one that counts", and the fact that she did execute a will disposing of the same property in a different way, support the conclusion that she understood the first transaction to be in effect a testamentary disposition of the property, and that no effective delivery of the deeds was intended. The other testimony adduced by plaintiffs also tends, though in a lesser degree, to the same conclusion.

In determining the credibility of a witness the court may take into consideration his interest in the result of the case (*Blackwell* v. *American Film Co.,* 48 Cal. App. 681 [192

Pac. 189]; *Estate of Ramey,* 62 Cal. App. 413 [217 Pac. 135]), or that he is biased at the time of the trial (27 Cal. Jur., Witnesses, sec. 96, p. 122); and while the unimpeached testimony of a witness may not be arbitrarily disregarded, nevertheless the jury or the trial court is the exclusive judge of his credibility, and the presumption of truthfulness may be overcome by the manner in which the witness testifies, the character of his testimony or his motives (Code Civ. Proc., sec. 1847). Here the trial court—which is the judge of the weight to be given the evidence (Code Civ. Proc., sec. 2061)—expressed its belief that Sturdevant's testimony was in a measure colored by his desire to have his opinion upheld. The court had the advantage of seeing the witness and hearing him testify, and we cannot say that its conclusion is unsupported. The inferences drawn were fairly and reasonably deducible from the circumstances and testimony which the court believed; and where such is the case its findings must stand (*Williams* v. *Kidd, supra; Rice* v. *Carey, supra*); and this is true even though the evidence would have supported contrary findings (*Clopton* v. *Clopton,* 162 Cal. 27 [121 Pac. 720]).

We are satisfied that the findings of the court are fairly supported by the evidence and no error is shown which would justify a reversal.

The judgment is affirmed.