[Civ. No. 5800. Fourth Dist. Feb. 17, 1959.]

ELSIE MERTZMANN ALGER, as Executrix, etc., Respondent, v. NIDA IONE ASTON, Appellant.

Kegley & Read for Appellant.

Max Z. Wisot for Respondent.

MUSSELL, Acting P. J.—This is an appeal from a judgment quieting title in plaintiff to real property in Indio, Riverside County. The complaint was filed October 11, 1954. Defendant Nida Ione Aston filed an answer denying that Dean E. Alger, deceased, was the owner of the property involved at the time of his death, and a cross-complaint in which she sought to quiet her title to said property. Ava Bell Reese filed a disclaimer of interest in the quiet title action and it was dismissed as to all fictitious defendants.

On June 30, 1955, defendant Nida Aston filed a petition for determination of heirship in the matter of the estate of Dean E. Alger, deceased, being action Number 15272 in the Superior Court of Riverside County. In this petition said

defendant alleged that she was the surviving spouse of said decedent and one of his heirs at law. This matter and the quiet title action were consolidated for trial. Following the trial, a decree was entered in the proceedings to determine heirship and it was adjudged therein that the defendant Nida Aston was not the surviving spouse of said decedent and was not one of his heirs at law. No appeal was taken from this decree. Defendant Nida Aston appeals from the judgment in favor of plaintiff in the quiet title action, claiming that the evidence is insufficient to support the judgment.

Plaintiff Elsie Mertzmann Alger and the decedent, Dean E. Alger, were married for approximately 30 years. In 1944, while they were living together in Long Beach, the decedent sold his plumbing business for $6,000 and moved to Indio, where, on October 29, 1945, he purchased the property here involved in his own name, as a married man, and obtained a grant deed therefor.

In April of 1948 plaintiff Elsie Alger started divorce proceedings and obtained a final decree of divorce in December, 1949. In the interlocutory decree, dated November 17, 1948, pursuant to stipulation of the parties, the property involved was awarded to Dean E. Alger as his sole and separate property. He improved the premises by erecting thereon a plumbing shop and living quarters and was living on the premises in 1948. At that time appellant Nida Aston was living in a trailer parked on the premises.

On December 21, 1948, Dean Alger and Nida Aston were introduced to Grant Weaver, a notary public, in his office in Indio, and Dean Alger there executed a grant deed conveying the property involved to Nida I. Aston, an unmarried woman. This deed was acknowledged by Weaver and was recorded February 18, 1949. On December 22, 1948, Alger and appellant returned to Weaver's office and appellant there signed and acknowledged a deed granting the property involved to Dean E. Alger, an unmarried man. This deed was recorded on January 6, 1953, at the request of Mrs. B. L. McDanel, the daughter of Dean Alger and his wife, Elsie. The decree of the trial court quieting title and adjudging that Dean Alger, deceased, was the owner at the time of his death, on or about January 5, 1953, and had the right to possess the property involved was based on this deed and its execution and delivery are disputed by the appellant. She testified that the deed was executed on the date it bears; that on December 23, 1952, she took the deed out of her filing case and decedent Alger then

eradicated her signature with Purex and instructed her to destroy it; that she then put the deed in her filing case and did not see it again after that date; and that the signature "Nida I. Aston," which now appears on the deed, is not in her handwriting.

Grant Weaver testified that he did not recall specifically what he did with the deed which appellant acknowledged on December 22, 1948, but that it was his custom to hand the instrument to the person whom he regarded as the principal and so designated in his record.

■ Betty Lou Frost, formerly Mrs. McDanel, testified that she was the daughter of Dean Alger and Elsie Alger; that she last saw her father in September, October or November of 1952, when he visited her in Long Beach; that this visit was definitely prior to December of 1952; that at that time her father gave her the deed involved (Plaintiff's Exhibit 10); that she kept it in her possession until January 6, 1953, when she recorded it in Riverside County. The deed was shown to her and she testified that the signature line appeared to be in the condition in which it was at the time her father handed the deed to her. This testimony is in direct conflict with the testimony of appellant that Alger eradicated the signature on the deed on December 23, 1952, and the trial court resolved the conflict in favor of the testimony of Betty Frost.

We are of the opinion that her testimony in this connection is sufficient to justify a finding that the deed was delivered to Alger and was by him delivered to his daughter, who retained it until its recordation. In this connection it appears that appellant understood at the time the deed was executed by her that she had divested herself of title for she testified that Alger said "Don't record it unless something happens"; that "It was agreeable to me. I wanted him to record it but he didn't want me to record it unless something happened because there was no need to."

■ Even if the trial court accepted the testimony of appellant to the effect that the decedent had eradicated her signature on the deed which she signed and acknowledged on December 22, 1948, such an act was not sufficient to revest title in appellant. ■ As is said in 15 California Jurisprudence 2d, section 203, page 607, "Neither cancellation nor destruction of a deed, nor redelivery to the grantor, operates to retransfer title, even when accompanied by an intention on the part of both grantor and grantee to revest title in the grantor by that means."

■ A grant deed duly executed is presumed to be delivered at its date and possession by the grantee gives rise to an inference that the instrument was duly delivered. (*Miller* v. *Jansen,* 21 Cal.2d 473, 477 [132 P.2d 801].) This presumption and inference together with the testimony of the daughter of the decedent and the circumstances surrounding the transaction as shown by the record are sufficient to support the judgment herein.

■ Appellant further claims that the property in question was subject to a trust in favor of the defendant. This argument is based on appellant's testimony that she had paid Alger the sum of $1,000 toward the purchase price of the property and the further sum of $1,665, representing the cost of constructing a fence on the premises. However, the trial court was not bound to accept the testimony of appellant in this respect, especially in view of her testimony as to other matters involved in the trial. (*Spaulding* v. *Jones,* 117 Cal. App.2d 541, 548 [256 P.2d 637].) No contention was made at the trial that the property was subject to a trust. There is no pleading by appellant requiring a finding on this subject and there is nothing in the record indicating that it was an issue to be determined in the action.

Judgment affirmed.

Shepard, J., and Stone, J. pro tem.,* concurred.

---

*Assigned by Chairman of Judicial Council.