[Civ. No. 6185.    Fourth Dist.    Aug. 1, 1960.]

ROWENA LARUE JONES, Appellant, v. FREDERICK E. JONES, Respondent.

Martin & Leedy and Daniel C. Leedy for Appellant.

William Henry Daubney for Respondent.

SHEPARD, J.—This is an action to partition real and personal property held by the parties under the record title of joint tenants. Defendant denied plaintiff's title as to parcels hereinafter numbered 1, 2 and 5. Judgment was given in favor of plaintiff, partitioning all parcels of property described in the complaint except one parcel of farm land located in Imperial County (Parcel 5), as to which parcel defendant was adjudged the sole owner. Plaintiff appeals from the portion of the judgment awarding the single parcel of farm land located in Imperial County to defendant.

In general substance, the facts disclosed by the record before us are as follows: The property involved in this action consists of: 1. Twelve $1,000 Government Bonds having an apparent actual value of $9,384; 2. Lots 10 and 11, Block F. North Encinitas. This parcel had theretofore been sold for $7,000 with $2,000 down and a note and trust deed in the amount of $5,000 for the balance. Of this amount the balance unpaid at time of trial was $4,683. Some $600 in payments were also on hand for division between the parties. Of the $2,000 down payment there had already been divided between the parties the balance left after expense of sale, or $1,270, making $635 to each; 3. Lots 7, 8 and 9, Block F, North Enci-

nitas, of an estimated value of $18,000; 4. Life insurance policies in the face amount of $2,000 (ordered cashed and proceeds divided); 5. 120 acres of agricultural land in Imperial County, improved only with a residence (value not shown by record).

As to the source of the foregoing property, it appears that some $26,000 (face value) of Government Bonds came to defendant from his mother for the nominal consideration of $10; the 120 acres of farm property in Imperial County came to defendant from his mother for the nominal consideration of $10; the Encinitas property was purchased principally from the proceeds of sale of a portion of the Government Bonds received by defendant from his mother. No community or other funds of the parties were used to improve the Imperial County property. The mother, father and brother of plaintiff had been permitted, on a rental basis, to live on and farm the Imperial County property for many years immediately preceding the commencement of this action. They paid nothing therefor except taxes and water costs.

The parties to this action, prior to April 14, 1958, had been husband and wife. During the first four months of 1958, defendant was confined as an alcoholic at the Patton State Hospital. While defendant was so confined, plaintiff went to the state of Wyoming and on April 14, 1958, secured a final decree of divorce from defendant, possibly on the ground of habitual drunkenness. The validity of the divorce is not in question.

There is considerable conflict in the evidence but, in general, the testimony of plaintiff was that all of the property involved except the Imperial County farm property was transferred into joint tenancy with the full knowledge and consent of both parties. Defendant testified that his purpose in transferring the Encinitas property into joint tenancy was for convenience in avoiding probate in case he died first, that the transfer of the title of the bonds was intended by him to name plaintiff as first beneficiary and the children as residual beneficiaries. However, he did acknowledge that he knew of the fact of change of title in some form and he admitted some character of mental participation in each of the bond and Encinitas property transfers into joint tenancy.

As to the Imperial County farm, however, defendant testified he had no memory whatever of signing a deed; that he had no intention of making a gift of this property to plaintiff; that he recognized the signature on the deed as his own but it was not signed the same as he ordinarily signed; that he did not

record the deed; that he had no memory of ever having seen it; that he thought this property still stood in his name; that he had no knowledge of ever having transferred it; that he must have been "stinking," meaning "drunk," when he signed the deed. Plaintiff testified (though she later changed this testimony) that during the period of time when the transfer of this deed was made defendant did a lot of drinking and she considered him an alcoholic. She further testified that the defendant brought the deed home, handed it to her, said it was a deed to the Imperial County property and to put it in the safe deposit box; that she did so; that she did not record the deed and knew nothing about its recordation; that the box was in both their names and each had a key to it. She did not testify that she looked at the face of the deed or knew who the grantor and grantee were. The record shows the deed was recorded by one A. B. Willis. How he obtained possession of the deed or what connection he had with either of the parties, is not disclosed by the testimony.

At the close of the trial, the court announced its decision to award partition between plaintiff and defendant of all of the property, real and personal, except only the Imperial County farm property. As to the Imperial County farm property, it held such property to be the sole and separate property of defendant. Apparently the parties were satisfied at that moment with the decision of the trial court for it was immediately stipulated that all exhibits might be withdrawn and that the making and filing of findings of facts and conclusions of law were waived, and that counsel for plaintiff would act as informal trustee in cashing in and dividing the insurance policies.

Where the parties have waived the making and filing of findings of fact and conclusions of law, and thus none are present in the record, the appellate court will presume that the trial court found in favor of the prevailing party on all essential issues warranted by the evidence and necessary to support the judgment. As stated in *Reid* v. *Valley Restaurants, Inc.*, 48 Cal.2d 606, 609 [1] [311 P.2d 473] : " ' [I]n the absence of findings of fact and conclusions of law, every intendment is in favor of the judgment or order appealed from and it is presumed that every fact or inference essential to the support of the order and warranted by the evidence was found by the court. (Citations.)' ''

Since the considerations from son to mother for the transfers were nominal, the evidence would fully support a

finding that the original $26,000 in bonds and the Imperial County farm property came to defendant as gifts from his mother. (*Salmon* v. *Wilson*, 41 Cal. 595; *Bertelson* v. *Bertelson*, 49 Cal.App.2d 479, 484 [7] [122 P.2d 130]; 24 Cal.Jur.2d 8; 24 Am.Jur. 736, § 12.)

It is true that the grantor cannot defeat the effectual character of a fully executed and delivered joint tenancy deed by proof of " 'a hidden intention not disclosed to the other party at the time of the execution of the document.' " (*Socol* v. *King*, 36 Cal.2d 342, 346 [3] [223 P.2d 627].) The rule regarding inferences from possession is clearly and succinctly stated in *Miller* v. *Jansen*, 21 Cal.2d 473, 477 [3] [132 P.2d 801], as follows: "Possession by the grantee gives rise to an inference that the instrument was duly delivered. (Citations.) But possession by the grantor has been uniformly held to make out a case of nondelivery, unless actual delivery be shown and that the grantor's possession was merely for safekeeping or similar purpose." (See also *Alger* v. *Aston*, 168 Cal.App.2d 84, 88 [4] [335 P.2d 133].) But the inference of delivery and the presumption of date of delivery are rebuttable and in the face of contrary evidence become considerations of fact for the trial court or jury to determine. (*Hennelly* v. *Bank of America*, 102 Cal.App.2d 754, 758 [228 P.2d 79]; *Estate of Galvin*, 114 Cal.App.2d 354, 362-363 [250 P. 2d 333].)

The rule is well settled in California, as elsewhere, that intent to pass title is an essential element of delivery and the question of intent is a question of fact to be determined by the trial court or jury. (*Williams* v. *Kidd*, 170 Cal. 631, 638 [151 P. 1, Ann.Cas. 1916E. 703]; *Kimbro* v. *Kimbro*, 199 Cal. 344, 350 [7] [249 P. 180]; *Manwell* v. *Board of Home Missions*, 122 Cal.App. 599, 607 [2] [10 P.2d 787]; *Stahmer* v. *Stahmer*, 125 Cal.App. 132, 134 [3] [13 P.2d 833]; *Monterey Park Commercial etc. Bank* v. *Bank of West Hollywood*, 125 Cal.App. 402, 408 [3] [13 P.2d 976]; *Osborn* v. *Osborn*, 42 Cal.2d 358, 363 [5-6] [267 P.2d 333].)

A person incapable of entertaining the necessary intent cannot deliver a deed. Again, this is a question of fact for the trial court or jury. (*Piercy* v. *Piercy*, 18 Cal.App. 751, 759 [124 P. 561].) Acceptance by the grantee is also essential to valid delivery. The presumption of acceptance again is disputable and is a question of fact for the trial court or jury. (*Reina* v. *Erassarret*, 90 Cal.App.2d 418, 426 [203 P.2d 72, 7 A.L.R.2d 1309]; *Rothney* v. *Rothney*, 41 Cal.App.2d

566, 570 [1] [107 P.2d 294]; *Green* v. *Skinner*, 185 Cal. 435, 438 [3] [197 P. 60].)

We find nothing in any of the numerous authorities cited by appellant in any way conflicting with any of the rules of law hereinbefore set forth.

From the evidence before us, it is clear that the trial court could have believed that plaintiff's memory was at fault as to the facts concerning the delivery of the deed and that the deed did not come into her possession by reason of a consciously voluntary delivery from defendant. Furthermore, plaintiff nowhere testified that at the time she says she received the deed she was aware of its contents. Due to this fact and other conflicts and uncertainties in the evidence, the trial court may well have believed that she came into possession of the deed with no knowledge of its contents and for the mere purpose of physically depositing an unrecorded document, whose content was not fully known to her, in a place of safekeeping accessible to defendant. The trial court saw and heard the parties. It had the duty of weighing the value and effect of the testimony of the parties.

The judgment is affirmed.

Griffin, P. J., and Coughlin, J., concurred.